IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE B. PENILTON IV,

    Plaintiff,                          No. CIV S-03-2559 FCD KJM P

    vs.

SACRAMENTO COUNTY, et al.,

    Defendants.                  FINDINGS & RECOMMENDATIONS

                              /

        Petitioner is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On October 25, 2004, he filed an amended complaint.[1]

        In fifty pages of narrative, plaintiff challenges the actions of sheriff's deputies and personnel, prosecutors, judges and members of the conflict defense panel of Sacramento County, all of which relate to or stem from plaintiff's prosecution on a variety of charges in Sacramento County.

        Plaintiff alleges that the deputy district attorney assigned to prosecute him on charges of spousal abuse fabricated evidence, questioned him improperly in order to prejudice him in front of the jury, suborned perjury and destroyed evidence. Various judges denied

---

[1] In the top left corner of the complaint, petitioner noted that "exhibits and over 500 plus pages will follow." To date, the court has not received any additional documents in this case.

1

plaintiff's meritorious motions and granted the prosecutor's baseless motions, denied plaintiff his right to a speedy trial, refused to appoint counsel or co-counsel, permitted evidence to be destroyed, denied his motions for continuances, refused to let him move freely about the courtroom, ensured that two deputies were always behind him, and sentenced him improperly. Teresa Huff, of the conflict panel, refused to authorize the preparation of transcripts he needed in support of his motion for a new trial. Law Librarian Ruthy and Deputy Riley of the Sheriff's Department interfered with his access to the law library and thus undercut his ability to represent himself at his criminal trial.

Plaintiff acknowledges he is serving a term of eighteen years from these convictions.

As the court noted in its order of June 3, 2004, most if not all of plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), in which the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Plaintiff's claims are barred by Heck because if the defendants withheld evidence, presented perjury, failed to correct false information, prosecuted plaintiff maliciously, refused to

appoint counsel or provide transcripts, presented irrelevant information during the sentencing proceeding or sentenced plaintiff above the maximum term, any determination of these claims in a civil suit would necessarily call into question the validity of the judgment or the sentence.

Even plaintiff's claims of interference with his law library access are barred by Heck. In Lewis v. Casey, 518 U.S. 343, 351 (1996), the Supreme Court held that a plaintiff claiming denial of access to the courts because of problems with law library access must allege he suffered "actual injury" from defendants' actions. See also Davis v. Goord, 320 F.3d 346, 351-52 (2nd Cir. 2003). In this case, any claim of actual injury would be based on plaintiff's inability to mount his pro se defense at trial, which in turn would call into question the validity of the verdict against him.

Any colorable claims under section 1983, then, must await the resolution of plaintiff's attack on the conviction that gave rise to the wrongs plaintiff allegedly has suffered.

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

/////
/////
/////
/////
/////
/////
/////

1  shall be served and filed within ten days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: May 13, 2005.

```
                                         _____
                                         UNITED STATES MAGISTRATE JUDGE
```

10  2/peni2559.57